1
2
3
4
5
6              UNITED STATES DISTRICT COURT
7              NORTHERN DISTRICT OF CALIFORNIA
8

9    KEITH E. WOODHOUSE, AS0223,            Case No. 18-cv-01874-SK  (PR)

10                    Petitioner,

11            v.                             **ORDER TO SHOW CAUSE**

12    H. B. ANGLEA, Acting Warden,           (ECF No. 2)

13                    Respondent.

14          Petitioner, a state prisoner incarcerated at the Sierra Conservation Center in Jamestown,

15   California, has filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254

16   challenging a conviction from Santa Clara County Superior Court.  He also seeks leave to proceed

17   *in forma pauperis* (IFP) under 28 U.S.C. § 1915.

18          The petition is properly before the undersigned for initial review because petitioner has

19   consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

20                              **BACKGROUND**

21          Petitioner was convicted by a jury of committing 30 lewd acts on a child under the age of

22   14 years.  The jury also found true 30 multiple-victim allegations, one attached to each count,

23   which required alternative sentencing.  On November 22, 2013, petitioner was sentenced to 30

24   years to life in state prison.

25          Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the

26   Supreme Court of California.  He also unsuccessfully sought *habeas* relief from the state courts.

27   On January 17, 2018, the Supreme Court of California denied his final state petition for a writ of

28   *habeas corpus*.

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of *habeas corpus* "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.    Claims

Petitioner seeks federal *habeas corpus* relief on the ground that he "was denied his right to terminate a police interrogation and opt for an attorney's presence."  Pet. (ECF No. 1) at 5, 5a. Liberally construed, the claim appears cognizable under § 2254 and merits an answer from respondent.  See Edwards v. Arizona, 451 U.S. 477, 484-85 (1981) (suspect who has expressed desire to have counsel present during custodial interrogation is not subject to further interrogation by authorities until counsel is made available to him, unless suspect himself initiates further communication with police); see also Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of *habeas corpus* liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed IFP (ECF No. 2) is GRANTED.

2.    The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

1  Section 2254 Cases, showing cause why a writ of *habeas corpus* should not be granted.

2  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

3  trial record that have been transcribed previously and that are relevant to a determination of the

4  issues presented by the petition.

5  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

6  court and serving it on respondent within 30 days of his receipt of the answer.

7  4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

8  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

9  2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or

10  statement of non-opposition not more than 28 days after the motion is served and filed, and

11  respondent must serve and file a reply to an opposition not more than 14 days after the opposition

12  is served and filed.

13  5.  Petitioner is reminded that all communications with the court must be served on

14  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also

15  keep the court and all parties informed of any change of address.

16  **IT IS SO ORDERED**.

17  Dated: April 4, 2018

18  _____
   SALLIE KIM
19  United States Magistrate Judge

20

21

22

23

24

25

26

27

28