| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

KEITH E. WOODHOUSE,

    Petitioner,

v.

H. B. ANGLEA, Warden,

    Respondent.

Case No. 18-cv-01874-YGR (PR)

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

Petitioner Keith E. Woodhouse filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 22, 2019, the Court dismissed the petition for failure to exhaust state court remedies. Dkt. 13. On February 11, 2019, Petitioner filed a notice of appeal. Dkt. 15. The Court construes Petitioner's notice of appeal as an application for a certificate of appealability ("COA"). *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3).

In an Order dated February 15, 2019, the Ninth Circuit remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." Dkt. 17 at 1.

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed for failure to exhaust state court remedies. *See* Dkt. 13 at 9 (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). The dismissal was without prejudice to Petitioner's returning to federal court after exhausting his state court remedies. *See id.* Because jurists of reason would not find the Court's conclusion debatable or wrong, the motion for a COA is DENIED.

IT IS SO ORDERED.

Dated: March 12, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge

2